# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MONICA PENA, | Case No. 2:24-cv-00408-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| NEVADA PROPERTY 1, LLC, d/b/a THE COSMOPOLITAN OF LAS VEGAS, | |
| Defendant. | |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Monica Pena's Motion to Remand. ECF No. 5. Defendant Nevada Property 1 LLC dba The Cosmopolitan of Las Vegas opposes the motion. ECF No. 7. Plaintiff did not file a reply. For the reasons discussed below, the Court denies Plaintiff's motion.

## II.    BACKGROUND

The instant action arises from a personal injury action. As alleged in the Complaint, Plaintiff slipped on liquid that had pooled on the floor of property owned by Defendant, resulting in injuries. ECF No 1., Ex. 1. Plaintiff filed her Complaint on September 25, 2023, in the Eighth Judicial District Court, Clark County. Pena v. Nevada Property 1, LLC, Case No. A-23-878340-C. Plaintiff served the Complaint on Defendant on October 18, 2023. Defendant filed an answer on January 24, 2024. On February 5, 2024, Plaintiff filed a Request for Exemption from Arbitration. In the Request, Plaintiff noted that she incurred $92,135.00 in medical expenses. On February 29, 2024, Defendant filed a petition for removal. ECF No. 1. Plaintiff filed the instant Motion to remand on March 18, 2024. ECF No. 5. Defendant filed a response. ECF No. 7. Plaintiff

did not file a reply. This Order follows.

### III.   LEGAL STANDARD

A federal district court has original jurisdiction under federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. When original federal jurisdiction exists but the matter was filed in a state court, the case may be removed under 28 U.S.C. § 1441(b). However, the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006). "The need for" the protection of diversity jurisdiction "is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." See Lively, 456 F.3d at 940. Where removal was improper, the case may be remanded. 28 U.S.C. § 1447.

### IV.   DISCUSSION

There is no dispute that the Petition for Removal is premised solely on § 1332 diversity jurisdiction, that the amount in controversy exceeds $75,000, and that Plaintiff has alleged she is a resident of Texas. The issue presented is whether Defendant is a citizen of Nevada, such that the forum defendant rule applies. § 1441(b)(2); Lively, 456 F.3d at 939.

Plaintiff's first argument is that Nevada Property 1 LLC is a corporation with a principal place of business in Las Vegas. Though Defendant did, in one line of the Petition for Removal, describe themselves as a corporation, this was an admitted error. Elsewhere, Defendant repeatedly refers to themselves as an LLC. For example, a few lines down in the Petition for Removal, Defendant states that "Defendant is a foreign limited liability company domiciled in Delaware, with its main corporate office located in Las Vegas, Nevada." In Defendant's Statement Regarding Removed Action, Defendant states that "Nevada Property 1 LLC is a foreign limited liability company domiciled in Delaware, and authorized to do business in Clark County, Nevada." All documents filed in the Court, including the Complaint itself, list Defendant as "Nevada Property 1, LLC." Finally, in Defendant's Opposition to Plaintiff's Motion to Remand, they provide the Nevada Secretary of State Entity Information Page for Nevada Property 1, stating that they are an LLC.

Plaintiff's next argument is that the removal papers do not properly identify Defendant's citizenship for diversity purposes since Nevada Property 1 LLC fails to identify each member and

allege their respective citizenship. Plaintiff is correct that the petition for removal is defective. "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Furthermore, the Ninth Circuit has held "with respect to a limited liability company, the citizenship of all of the members must be pled." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 611 (9th Cir. 2016); see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64–65 (9th Cir. 2011) (finding that a failure to establish the citizenship of the members of a defendant LLC constitutes a failure to "satisfy their burden to show complete diversity between the parties"). However, "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, including those in a notice of removal, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001).

Even though Defendant failed to identity their members, and the citizenship of those members, in their Petition for Removal, they provide this information in their Opposition to Plaintiff's Motion to Remand. They allege that MGM Resorts International is the lone member of their LLC. MGM Resorts International, as a corporation, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . ." 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Defendant provides the Delaware Department of State: Division of Corporation's Entity Details for MGM Resorts International, which reflects that MGM is incorporated in Delaware. They also provide a declaration from Merielle Banks attesting that Delaware is the principal place of business for MGM Resorts International. These assertions remain unchallenged. See, e.g., NewGen, LLC, 840 F.3d at 614 ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."); Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t [the pleading] stage of the case, the defendants were merely required to allege (not to prove) diversity....").

Therefore, Defendant has now provided a declaration attesting that its only member is MGM Resorts International, which is a Delaware corporation with its principal place of business in Delaware. As a citizen of Delaware, the forum defendant rule does not apply to Nevada Property 1 LLC. Given that Plaintiff is a Texas citizen, the Court is persuaded that a factual basis has been established to find diversity of citizenship for jurisdictional purposes. However, the petition for removal remains defective. Defendant will be permitted to amend its petition for removal to properly explain its citizenship as an LLC.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**. Defendant must amend its petition for removal to properly explain its citizenship by November 9, 2024.

**DATED:** October 21, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**