**LARRY H. LUM**
Nevada Bar No. 14914
**KAREN L. BASHOR**
Nevada Bar No. 11913
**TANIA G. BONILLA**
Nevada Bar No. 15703
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV  89119
(702) 727-1400; FAX (702) 727-1401
larry.lum@wilsonelser.com
karen.bashor@wilsonelser.com
tania.bonilla@wilsonelser.com
*Attorneys for Defendant Nevada Property 1 LLC dba The Cosmopolitan of Las Vegas*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA PENA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA PROPERTY 1, LLC, a Nevada Limited-Liability Company d/b/a THE COSMOPOLITAN OF LAS VEGAS; DOES 1-10, inclusive; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00408-RFB-DJA<br><br>**STIPULATION AND ORDER TO CORRECT THE PARTIES FIRST SAO TO EXTEND DISCOVERY DEADLINES** |

The parties, by and through their counsel of record, hereby submit the following Stipulation to ***Correct*** the Stipulation and Order to Extend Deadlines submitted on February 26, 2025. Good cause is present for this Stipulation as it corrects inconsistent dates in the first stipulation agreed by the parties. The parties agreed to 60 days, yet the dates included are representative of a 30-day extension. Below, the parties have corrected the deadline in bold and italicized.

Counsel for the parties have been involved in resolving the remainder of the case for judicial economy; however, settlement discussions have not yet been successful. At present, the parties are

292892897v.1

Page 1 of 5

1  anticipating that Plaintiff's counsel will produce the additional information which Defendant will
2  need to receive and review before the scheduling depositions in this case, and aid in determination
3  for which kind of expert witness is most appropriate to retain, in the event settlement is not reached.
4  In addition, counsel for the parties need to seek resolution of this matter through mediation, and
5  parties are currently in discussion to schedule.

6       IT IS HEREBY STIPULATED AND AGREED by and between CRAIG M. MURPHY,
7  ESQ. of the law firm MURPHY & MURPPY LAW OFFICES, counsel for Plaintiff MONICA
8  PENA (hereinafter "Plaintiff"), and TANIA G. BONILLA, ESQ. of the law firm of WILSON,
9  ELSER, MOSKOWITZ, EDELMAN & DICKER LLP as counsel for Defendant NEVADA
10 PROPERTY 1, LLC (hereinafter "Defendant"), that certain discovery deadlines be extended by
11 ninety (60) days, as set forth below, to allow the Parties to complete discovery and schedule a
12 mediation prior to trial.

13   **I.  STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**
14     To date, the Parties have completed the following discovery:
15       1.  Plaintiff Pena has disclosed a computation of damages and a list of providers;
16       2.  Defendants have subpoenaed medical records from the list of providers (nine
17     providers) and are still awaiting two more responses / Custodian of Records affidavits;
18   **II.  SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE**
19      **COMPLETED:**
20       1.  Depositions;
21       2.  Written Discovery Propounded Upon Plaintiff and Defendant;
22       3.  Responses to Written Discovery Propounded Upon Plaintiff and Defendant;
23       4.  Retainer of Expert Witnesses;
24       5.  The Parties intend to serve supplements to written discovery responses and
25          disclosures.
26
27       6.  The Parties will assess the need for additional discovery and conduct same
28   accordingly.

### III. REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN DEADLINES:

Since the commencement of discovery, the parties have been working amicably together to gather relevant documents, issue necessary discovery, engage in cost effective means to resolve this matter. However, as set forth above, the parties have been unable to conclude discovery for the following reasons.

- The stipulated Discovery Plan & Scheduling Order was filed December 31, 2024.
- The end of the year 2024 holidays caused delay in subpoenas.
- A heavy workload for the defense attorney following unexpected attorney departures.

The parties are working to complete discovery as quickly as possible but need additional time to do so and prepare for trial. Due to the issues stated above, the Parties respectfully request an additional sixty (60) days to complete adequate and vital discovery to prepare for trial in this matter. **The parties strongly believe they will be able to pursue avenues of dispute resolution however additional time is needed to appropriately do so.**

### IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY:

1. **Discovery Cut-Off**: The parties jointly propose that the discovery cut-off date be extended ninety (60) days from its present deadline of May 7, 2025, to *July 7, 2025*.

2. **Deadline for Amending the Pleadings and Adding Parties**: The parties jointly propose that the discovery cut-off date be extended zero (0) days from its present deadline of February 26, 2025. This deadline need not be amended.

3. **Rule 26(a)(2) Disclosures**: The parties jointly propose that the discovery cut-off date be extended ninety (60) days from its present deadline of May 7, 2025, to *July 7, 2025*. The parties shall **disclose all expert witnesses by *June 6, 2025*, and rebuttal reports by *June 27, 2025*.**

4. **Dispositive Motions:** The parties jointly propose that Dispositive motions shall extended ninety-one (60) days from its present deadline of June 6, 2025, to **August 5, 2025.**

5. **Joint Pretrial Order:** The parties jointly propose the current Joint Pretrial Order shall be extended ninety (60) days from the present deadline of July 8, 2025, to **September 6, 2025**, unless a dispositive motion is filed. If a dispositive motion is filed, the Joint Pretrial Order will not be due until 30 days after the dispositive motion is decided.

6. **Trial Estimate:** The parties estimate the trial in this case will last approximately five days.

7. **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

8. **Alternative Dispute Resolution**: Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution, including mediation, and/or early neutral evaluation. The parties have not scheduled any such ADR forum at this point, ***but having discussed this further, on February 26, 2025, the Parties shall seek mediator availability to resolve this matter.***

9. **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging the Short Trial Program under FRCP 37 and, at present, do not consent to either alternative form of case disposition.

10. **Electronic Evidence**: The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in electronic format compatible with the Court's electronic jury evidence display system.

11. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

….

….

….

….

….

RESPECTFULLY SUBMITTED:

Dated this 22nd day of April, 2025.

**MURPHY & MURPHY LAW OFFICES**

*/s/. Craig M. Murphy*

Craig M. Murphy, Esq.
Murphy & Murphy Law Offices
3900 S. Hualapai Way, St. 134
Las Vegas Nevada 89147
Mailing Address:
4482 Market Street, Ste. 407
Ventura, CA 93003
*Attorney for Plaintiff*

Dated this 22nd day of April, 2025

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Tania G. Bonilla*

Larry H. Lum, Esq.
Nevada Bar No. 14914
Karen L. Bashor, Esq.
Nevada Bar No. 11913
Tania G. Bonilla, Esq.
Nevada Bar No. 015703
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Nevada Property 1, LLC*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Dated: 4/23/2025